**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKY PICKETT, a current parolee, on behalf of himself and a class of similarly situated persons,<br><br>                       Plaintiff - Appellant,<br><br>  v.<br><br>KENNETH ALLEN, Deputy Commissioner of the California BPH; ARTHUR ALMAZON, CDCR, in his individual capacity; JUAN PEREZ, Parole Agent, CDCR,<br><br>                    Defendants - Appellees. | No. 11-55746<br><br>D.C. No. 2:08-cv-03955-JST-E<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiff Ricky Pickett appeals the district court's judgment dismissing his 42 U.S.C. § 1983 claims that the Defendant parole officials violated his right to due process by enforcing an unconstitutional parole condition and by subjecting him to unconstitutional parole revocation proceedings. Because the parties are familiar with the facts, we repeat them only as necessary to illuminate our decision. Reviewing de novo, see Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1152 (9th Cir. 2012), we affirm.

Assuming without deciding that the Defendants violated Pickett's constitutional rights, they are entitled to qualified immunity because, at the time of the events giving rise to Pickett's claims, it would not have been "clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), modified by Pearson v. Callahan, 555 U.S. 223 (2009).

Pickett challenges the enforcement of a parole condition that prohibits him from associating with persons he knows or reasonably should know are gang members or gang associates. Ninth Circuit law regarding such conditions is relatively recent, see United States v. Vega, 545 F.3d 743, 750 (9th Cir. 2008); United States v. Soltero, 510 F.3d 858, 867 n.9 (9th Cir. 2007). At the time Plaintiff was charged with the parole violation, the mens rea requirement for a non-

association condition was unresolved.  See People v. Lopez, 66 Cal. App. 4th 615, 634 (1998); People ex rel. Gallo v. Acuna, 14 Cal. 4th 1090, 1117-18 (1997). Thus, the state of the law "did not put the [Defendants] on notice that [their] conduct would be clearly unlawful."  Saucier, 533 U.S. at 202.

Pickett also claims he was denied a timely and adequate probable cause hearing on the parole violation charge in violation of Morrissey v. Brewer, 408 U.S. 471, 484-85 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). Pickett's probable cause hearing was held 18 calendar days after his arrest.  This delay was shorter than that in Pierre v. Washington State Bd. of Prison Terms & Paroles, in which we stated that a delay of *21 days* between suspension of parole and a final revocation hearing did not violate due process because the hearing "was prompt enough to qualify as the preliminary probable cause determination required by Morrissey."  699 F.2d 471, 473 (9th Cir. 1983).  Reasonable parole officials could have relied on Pierre in concluding that an 18-day delay was constitutionally permissible.

Reasonable officials could also have believed that the hearing was sufficiently adequate to satisfy due process concerns.  Although counsel for Defendants acknowledged that a parolee's request for live witnesses to testify at the probable cause hearing would have probably been denied, there is nothing in

3

the record to suggest that Pickett ever made such a request. The documents to which he points would not have been construed by a reasonable official as requests for a witness at the probable cause hearing. Moreover, Pickett did not attempt to obtain any witness's affidavit -- which undoubtedly could have been submitted to the hearing officer pursuant to state policy. And at the probable cause hearing, neither Pickett (nor his counsel at the time) objected to the introduction of the police officers' reports of the incident resulting in Pickett's arrest.

For the foregoing reasons, the Defendants are entitled to qualified immunity from Pickett's damages claims.[1]

**AFFIRMED**.

---

[1] By a separate order, we reject Pickett's counsel's five letters dated June 10, 2013, which were purportedly filed pursuant to Rule 28(j). The content of the letters is not pertinent, and counsel did not have sufficient reason for their submission.